UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 26-3287-MWF(AS)                    Date:  June 16, 2026
Title:     Yelaman Baltagerey v. D. Marin, et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

|                                  |                                      |
|----------------------------------|--------------------------------------|
| Deputy Clerk:                    | Court Reporter:                      |
| Rita Sanchez                     | Not Reported                         |
|                                  |                                      |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant:     |
| None Present                     | None Present                         |

Proceedings (In Chambers):        ORDER DENYING EX PARTE
                                  APPLICATION FOR TEMPORARY
                                  RESTRAINING ORDER, APPLICATION FOR
                                  PRELIMINARY INJUNCTION, AND ORDER
                                  TO SHOW CAUSE [2]

        Before the Court is Petitioner Yelaman Baltagerey's Ex Parte Application for Temporary Restraining Order, Application for Preliminary Injunction, and Order to Show Cause (the "Application") filed on June 12, 2026.  (Docket No. 2).

        The Application is **DENIED**.  Petitioner has not demonstrated why he is entitled to a temporary restraining order given General Order 26-05 and its expedited briefing schedule for resolution of his Petition.

        Petitioner's Application requests a temporary restraining order seeking his release from detention, among other relief to restore the status quo prior to his putatively unlawful detention.  (Application at 1).  Petitioner makes the Application on the basis that he is likely to succeed on the merits of his due process claim, including allegations that he was detained without notice or hearing.  (*See id.* at 3-4).

        A temporary restraining order ("TRO") is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008).  A party seeking a TRO, like a preliminary injunction, must establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the

---

**CIVIL MINUTES—GENERAL**                                                1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV 26-3287-MWF(AS)**                    **Date:  June 16, 2026**
Title:        Yelaman Baltagerey v. D. Marin, et al.

balance of the equities tips in his favor; and (4) an injunction is in the public interest. *See Toyo Tire Holdings of Ams. Inc. v. Cont'l Tire N. Am., Inc.*, 609 F.3d 975, 982 (9th Cir. 2010) (citing *Winter*, 555 U.S. at 20); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  The purpose of a TRO is to "preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a hearing, and no longer."  *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Loc. No. 70 of Alameda Cnty.,* 415 U.S. 423, 439 (1974).

Additionally, this action and the Application are subject to General Order 26-05 and the expedited briefing schedule contained therein.  (*See* Docket No. 6).  As explained in General Order 26-05, "[t]he standard scheduling order is intended to provide a prompt resolution to habeas petitions and reduce the contemporaneous filing of applications for a temporary restraining order.  Applications for temporary restraining orders should be reserved for cases where the petitioner alleges imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule."  *See* General Order 26-05 at 3.

Therefore, one of the stated purposes of General Order 26-05 is to expedite briefing on the underlying Petition such that temporary relief is no longer necessary because the Petition will be promptly heard.  Here, Petitioner has not alleged any irreparable harm that will result prior to the adjudication of the underlying Petition except for the same harms alleged in his Petition.  If such alleged harms were sufficient to warrant emergency relief notwithstanding the standard scheduling order in General Order 26-05, the provisions of the General Order regarding the availability of TROs would effectively become moot.  Petitioner also does not address in the Motion why immediate relief is warranted in spite of the standard scheduling order, as required by the General Order.  *See* General Order 26-05 at 3.

Accordingly, the Application is **DENIED**.

This case has been referred to Magistrate Judge Alka Sagar.  (*See* Docket No. 5).  Pursuant to General Order Nos. 05-07 and 26-05, further proceedings on the merits of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV 26-3287-MWF(AS)**                **Date:  June 16, 2026**
Title:       Yelaman Baltagerey v. D. Marin, et al.

the Petition and all remaining motions are **REFERRED** to Magistrate Judge Sagar for decision.

        IT IS SO ORDERED.